**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-0252

(Filed: March 14, 2016)

**FILED**

**MAR 14 2016**

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

XIU JIAN SUN,

                Plaintiff,

v.

THE UNITED STATES,

                Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DISMISSAL ORDER

      On February 23, 2016, *pro se* Plaintiff Xiu Jian Sun, who refers to himself as "the spiritual Adam," filed in this Court a document purporting to constitute a complaint against the United States. The case caption lists "President of U.S.A. Mr. Obama Barack-King Herod" as the defendant. Compl. at 2. The complaint generally seems to allege that President Obama "does not keep his words," quoting several passages from The Church of Latter-Day Saints' "The Doctrine and Covenants" as support but including no other legal authority or actual facts upon which to base the complaint. Compl. at 2-4. Attached to the complaint are three email messages from a White House public information service: two messages summarizing President Obama's remarks on terrorist attacks, and a video message from the President and First Lady wishing the nation a "Merry Christmas." Compl. at 2, 7-14.

      Because Mr. Sun is proceeding *pro se*, the Court must liberally construe his pleading to "see if he has a cause of action somewhere displayed." Stroughter v. United States, 89 Fed. Cl. 755, 760 (2009) (internal citation omitted). The Court takes this duty seriously and has reviewed Mr. Sun's complaint carefully; however, it cannot discern any factual or legal assertions, allegations of damages, or request for relief therein. At most, the complaint is an assessment of some of President Obama's actions during his presidency as

judged against teachings of The Church of Latter-Day Saints. However, though the Court has "strained [its] proper role in adversary proceedings to the limit" in searching the complaint, it could identify no plausible cause of action. Ruderer v. United States, 412 F.2d 1285, 1292 (Ct. Cl. 1969). The Court finds that any expenditure of governmental resources in preparing a defense to this complaint would be a waste of public funds.

Therefore, pursuant to its inherent authority, the Court *sua sponte* dismisses Mr. Sun's complaint for failure to state a claim. See, e.g., Rockefeller v. Chu, 471 F. App'x 829, 830 (10th Cir. 2012) ("[A] court may *sua sponte* dismiss a complaint under [Federal] Rule [of Civil Procedure] 12(b)(6) for failure to state a claim if it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.") (internal quotation omitted); Shoop v. Deutsche Bank Nat. Trust Co., 465 F. App'x 646, 647 (9th Cir. 2012) (similar); Chyba v. BAC Home Loans Servicing, L.P., 460 F. App'x 373, 374 (5th Cir. 2012) (similar); Arbeleaz v. United States, 94 Fed. Cl. 753, 763 (2010) (similar) (citing Constant v. United States, 929 F.2d 654, 657 (Fed. Cir. 1991)); see also Stroughter, 89 Fed. Cl. at 760 ("Although *pro se* plaintiffs are given some leniency in presenting their case, their *pro se* status does not immunize them from pleading facts upon which a valid claim can rest[.]") (internal citation omitted).

Accordingly, for the foregoing reasons, the Court DISMISSES Plaintiff's complaint for failure to state a claim upon which relief may be granted. The Clerk is directed to dismiss Plaintiff's complaint without prejudice.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge